### THE BETTINA.
#### C–2957

District Court, E. D. New York.
April 7, 1933.

Moses Polakoff, of New York City, and Harold L. Cowin, of Brooklyn, N. Y., for petitioner.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie and Leonard Greenstone, Asst. U. S. Attorneys, both of Brooklyn, N. Y., of counsel), for libelant.

BYERS, District Judge.

This is a motion for an order vacating the attachment made under process issued pursuant to the libel herein, and for a dismissal of the libel and the return of the property seized.

The theory of the motion is that the libelant cannot succeed upon the hearing for the reason that the evidence which it will necessarily have to offer consists of the vessel seized and her cargo; and since it has been heretofore decided (in connection with a motion to suppress evidence in a criminal proceeding in which eight individuals, including Krist Andersen, this petitioner, Bettina, Inc., and C. C. Beckwith were defendants) that the seizure of the ship and her search were illegal, it necessarily follows that there will be a failure of proof on the said hearing.

Reference is made to the order granting the motion to suppress, because the latter provides that the United States attorney and all other officers, agents and employees of the United States government "be enjoined from using in any proceedings whatsoever, any of the evidence obtained directly and/or indirectly by reason and by virtue of said search and seizure."

The petition recites the said order and the subsequent dismissal of the criminal action; further, that, because the said search and seizure had so been held to be illegal, and because the causes of forfeiture alleged in the libel herein are based upon alleged facts acquired by the agents of the libelant through the aforesaid search and seizure, the libel should be dismissed.

A supplemental petition alleges that, at the time of the seizure, the vessel and her cargo were in the possession of the petitioner, as master, and that he was the lawful bailee for the owner, Bettina, Inc., and was authorized so to act by the president of that corporation.

The libel alleges that, on July 23, 1932, the vessel and her cargo were seized for violation of the laws of the United States, and present possession of the vessel and custody by the collector as forfeited, because of alleged violation of sections 594, 584, and 592 of the Tariff Act of 1930 (19 USCA §§ 1584, 1592, 1594), and because the vessel was duly licensed for the fishing trade, and was engaged in another trade, namely, the illegal transportation and carrying of the said cargo, whereby, under the provisions of section 4377 of the Revised Statutes (46 USCA § 325), the vessel became and is forfeited.

No claim has been made to the vessel by her owner or owners, and the libel is not attacked for insufficiency in form; that is to say, no exceptions thereto have been filed. Consequently, the attempt of this petitioner to induce the court to believe that the libelant cannot prevail at the trial and therefore the libel should be dismissed presents a novel method of approach to a question which apparently the petitioner has no right to raise, for it is not his property which it is the object of the libel to forfeit. Nor is authority cited for the practice adopted.

The petitioner's personal status was in jeopardy in the criminal proceeding; he was therefore heard to assert that a crime could not be proved upon his part through the medium of an unlawful seizure of property within his custody.

 The order entered upon the decision, which was favorable to his then contention, was not intended, nor could it have been permitted, to extend to litigation not affecting his personal status.

The sufficiency of the libel as a pleading has not been contested; the right to forfeit is not in issue, and, as has been stated, no claim is laid to the res on the part of the owner; hence, if the proceeding goes to decree, no property of the petitioner will be lost to him. It is not seen therefore what concern he has, in the legal sense, with this proceeding.

Motion denied. Settle order.